## LYDIA BLANEY, by her Guardian, Appellant, *versus* BENJAMIN SARGEANT.

*Practice.*—On the question of sanity of a testator, the party who is for establishing the will opens and closes.

THIS was an appeal from a decree of the judge of probate for this county, establishing a certain instrument as and for the last will and testament of *Samuel Sargeant,* deceased ; in which the appellee was named executor.

Several reasons of appeal were filed; but the *only [ * **336** ] one which appeared to be relied on was, "that the said
*Samuel Sargeant,* at the time of signing said instrument, which was approved as being his last will, was not of sane mind, but incapable of making any disposition or devise of his estate."

Upon which the Court directed an issue to the jury to try the question of sanity.

The appellant then pleaded that the said *Samuel Sargeant,* at the making and signing said instrument, was not of sound and disposing mind, &c.; wherefore she prayed that the said decree of the judge, &c., for proving, approving, &c., might be reversed and annulled.

To which the appellee replied that the said *Samuel Sargeant,* at, &c., was of sound and disposing mind, &c., which he prayed might be inquired of by the country; and the appellant joined the issue.

The Court decided, as in the case of *Phelps & Al.* vs. *Hartwell,* (*ante,* p. 71.) that the appellee, being the party who wished to establish the instrument, as a will, and having the affirmative, was to open and close.

*Parsons* and *Jackson* for the appellant.

*Attorney-General* (*Sullivan*) and *Dexter* for the appellee.

NOTE.—In the case of *Phelps & Al.* vs. *Hartwell,* above mentioned, the appellee began the pleadings by affirming the sanity. Quære, if that be not the most correct mode? The appellant having, in the reasons of appeal, filed in the case, denied the sanity, it seems to be no better than a needless tautology to repeat the same thing in his plea, and before the other party has answered the denial of sanity, or the affirmation of insanity, whatever it may be called.

[*Buckminster & Al.* vs. *Perry,* 4 *Mass.* 593.—*Hubbard* vs. *Hubbard,* 6 *Mass.* 397.— Where all the issues were, whether *A. B.* was of sound memory, the soundness of memory being alleged by the defendant, it was held that he was entitled to begin *Tirrell* vs. *Holt,* 1 *Barnard,* 13.—1 *Vin. Ab. Ev.* (*S. a.* 7) 7.—1 *Stark.* 362.—ED ]